UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESSPEE FABRICATIONS LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-01391-MTS |
| | ) |
| MAGNITUDE 7 METALS LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file.  The Court concludes that Plaintiff has not established this Court's subject matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").  Plaintiff has not provided any allegations that establish Defendant's citizenship.  *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that, for diversity jurisdiction purposes, an LLC's citizenship is the citizenship of all its members).  Plaintiff must file an Amended Complaint that establishes this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1).[1]

---

[1] As for Plaintiff's citizenship, it pleads that it is "a limited company organized and existing under and by virtue of the laws of the country of [ ] England and Wales" and has its "principal office" in England.  Doc. [1] ¶ 1.  It is unclear whether Plaintiff has properly determined that it "should be treated as a corporation under § 1332," which can be "a difficult task." *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019).  That is to say, Plaintiff has not provided any allegations or analysis showing it has "'the standard elements of "personhood" (perpetual existence, the right to contract and do business in its own name, and the right to sue and be sued),' as well as the ability to 'issue[ ] shares to investors who enjoy limited liability' and which 'can be bought and sold, subject to restrictions that the business declares.'" *Id.* (quoting *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014)).

Plaintiff also has not complied with Local Rule 4.01(A) in seeking its Motion for Temporary Restraining Order.[2] That Rule requires that a "moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." E.D. Mo. L.R. 4.01(A). What is more, this error was not simply a technical one (e.g., where a plaintiff might mistakenly combine the documents by providing argument and citations to authority in its motion). Plaintiff's Motion does not cite a single legal authority.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday, November 03, 2023**, Plaintiff shall file an Amended Complaint establishing this Court's subject matter jurisdiction in accordance with this Memorandum and Order. Failure to timely do so will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Memorandum in Support of its Motion for Temporary Restraining Order. The Court will not consider Plaintiff's Motion for Temporary Restraining Order until an Amended Complaint establishes this Court's subject matter jurisdiction and a Memorandum in Support of the Motion for Temporary Restraining Order has been filed.

Dated this 1st day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also has not filed its Disclosure Statement as required by the Local Rules. *See* E.D. Mo. L.R. 2.09(C) (providing an applicable parties must file its Disclosure Statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the Court"); *accord* Fed. R. Civ. P. 7.1(b).