UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESSPEE FABRICATIONS LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-01391-MTS |
| | ) |
| MAGNITUDE 7 METALS LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Twice now the Court has entered orders noting that Plaintiff Esspee Fabrications Ltd. failed to establish the Court's subject matter jurisdiction and explaining, with citations to the relevant authority, the reasons why. *See* Docs. [6], [10]. Nevertheless, Plaintiff's Second Amended Complaint, Doc. [11], also fails to establish this Court's subject matter jurisdiction. Plaintiff altogether misunderstands the subject matter jurisdiction of federal courts. "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Plaintiff has done the opposite; it presumed that this Court *has* jurisdiction without knowing any relevant facts related to Defendant's citizenship.

Defendant is a limited liability company. It is well-settled law within the Eighth Circuit that "an LLC's citizenship is that of its members for diversity jurisdiction purposes." *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *accord Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023)

("Because an LLC's citizenship is that of its members, Great River is a citizen of any state where its members are citizens." (internal quotations omitted)). That settled law notwithstanding, Plaintiff writes that "it is currently unknown where the managers and members of the Defendant reside." Doc. [11] ¶ 6. In other words, Plaintiff does not know the citizenship of Defendant's members; Plaintiff simply presumes the Court has jurisdiction.

True, jurisdictional discovery can be appropriate in some cases. *See Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (per curiam). But jurisdictional discovery is only appropriate when jurisdiction has been plausibly alleged. *See id.*; *see also Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008) (listing considerations on whether to allow jurisdictional discovery as including (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful); *cf. Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) (concluding that since plaintiff "offered documentary evidence, and not merely speculations or conclusory allegations," about defendant's contacts with the forum state, the district court should have permitted jurisdictional discovery to establish whether general personal jurisdiction would be justified).

Inexplicably, Plaintiff's Second Amended Complaint also maintains that Defendant, a limited liability company, "can be considered a corporation for purposes of diversity as was done in Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC, 932 F.3d 1102, 1105 (8th Cir. 2019)." Doc. [11] ¶ 5. Plaintiff then references pleadings from other cases in which Defendant Magnitude 7 Metals LLC "admitted" that its "principal place of business is in Missouri." *Id.* ¶ 6. Plaintiff's contention plainly is incorrect. *Jet Midwest* dealt with the

"difficult task" of determining whether a business structure under another country's law "should be treated as a corporation under § 1332." *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019).  Here, *Jet Midwest*'s analysis is relevant only to Plaintiff, which claims it is "a limited company organized and existing under and by virtue of the laws of the country of [ ] England and Wales" and has its "principal office" in England.  Doc. [11] ¶ 1; *see also* Doc. [12].

Because Plaintiff did not bother to attempt to allege Defendant's members' citizenship, and because Plaintiff's novel theory of treating the LLC Defendant as a corporation is wholly meritless, Defendant has failed to establish this Court's jurisdiction. Since Plaintiff's Second Amended Complaint—like the original Complaint and the First Amended Complaint—fails to establish this Court's jurisdiction, the Court may dismiss it for this reason alone.  *See* Fed. R. Civ. P. 8(a)(1); *see also Johnson*, 534 F.3d at 962 (noting a district court has the authority to dismiss an action for lack of subject matter jurisdiction on "the complaint alone").

The Court, though, may also dismiss an action for lack of subject matter jurisdiction by "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson*, 534 F.3d at 962.  In general, a court may take judicial notice of public records, including court records. *Mercy Health v. Endurance Specialty Ins., Ltd.*, 4:20-cv-00415-SRC, 2020 WL 2512210, at *2 n.1 (E.D. Mo. May 15, 2020) (citing *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)); *see also S.E.C. v. Shanahan*, 600 F. Supp. 2d 1054, 1058 (E.D. Mo. 2009) ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." (quoting *Gen. Elec. Cap. Corp. v. Lease Resol.*

*Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997))). Here, court records show diversity jurisdiction under § 1332(a) cannot exist in an action with Magnitude 7 Metals, LLC as a party.

On October 20, 2023, in a separate action entitled *Magnitude 7 Metals, LLC v. Ace American Insurance Co.*, 1:23-cv-00186-ACL, ECF No. 3 (E.D. Mo.), Magnitude 7 Metals, LLC has identified in its Disclosure Statement, see Fed. R. Civ. P. 7.1, that two of its sub-members are United States citizens "residing in Switzerland." That is in accord with Magnitude 7 Metals, LLC's October 13, 2020, Disclosure Statement in *Cawhorn v. Magnitude 7 Metals, Inc.*, 1:20-cv-00208-SNLJ, ECF No. 9 (E.D. Mo.), where Magnitude 7 Metals, LLC[*] stated that two of its sub-members "are in Switzerland." Since two sub-members of Magnitude 7 Metals, LLC currently reside in Switzerland, Magnitude 7 Metals, LLC cannot be sued in diversity. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 776 (2022) ("Adhering to the Supreme Court's instruction in *Newman-Green*, we have consistently held that United States citizens domiciled abroad cannot be sued in diversity."); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("An American national, living abroad, cannot sue or be sued in federal court under diversity jurisdiction."); *see also Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1304 (S.D. Fla. 2016) ("[C]omplete diversity is destroyed when even one partner or member of an unincorporated association is stateless."); *Pilepro, LLC v. Chang*, 152 F. Supp. 3d 659, 673 (W.D. Tex. 2016), *aff'd sub nom. PilePro, L.L.C. v. Heindl*, 676 F.

---

[*] This action was styled as *Cawhorn v. Magnitude 7 Metals, Inc.* because the plaintiff in the action erroneously misidentified the defendant as a corporation. The real party in interest was Magnitude 7 Metals, LLC, Defendant in this action. *See Cawhorn v. Magnitude 7 Metals, Inc.*, 1:20-cv-00208-SNLJ, ECF No. 1 (E.D. Mo.).

App'x 341 (5th Cir. 2017) (per curiam) ("Because a member of PilePro LLC is 'stateless' for diversity purposes, PilePro LLC is not diverse from all parties on the opposing side.").

\* \* \*

Plaintiff has had three opportunities to include a proper statement of the grounds for the Court's subject matter jurisdiction in its pleading, but, like the original Complaint and the First Amended Complaint, Plaintiff's Second Amended Complaint fails to establish the Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). For this reason alone, the Court may dismiss the action. But what is more, a review of the Court's own records in other cases shows that providing Plaintiff a fourth opportunity to plead jurisdiction would be futile because Defendant in this action has a stateless sub-member that destroys diversity. In other words, Plaintiff has failed to establish the Court's subject matter jurisdiction, and the Court, in fact, lacks subject matter jurisdiction over this action. For these reasons, the Court will dismiss the action without prejudice via a separate Order of Dismissal. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 3rd day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE